COMMONWEALTH *vs.* THOMAS F. BOWDEN.

An indictment for burglary, or for larceny in a building in B., may describe the building as " a certain building, to wit, the shop of J. S." and is supported by proof that J. S. occupied one room only in a building of several rooms in B.

INDICTMENT for a burglary in Boston, in " a certain building there situate, to wit, the shop of Joseph L. Drew, and Joseph L. Drew, the younger of that name;" with a second count for a larceny " in a building, to wit, the shop " of the same persons. Trial in the municipal court of Boston at December term 1858, before *Morton*, J., who signed this bill of exceptions:

" It was proved that J. L. Drew and J. L. Drew, Jr. occupied one room and cellar in a building on Washington Street, containing several rooms; and that they had no ownership, right or control over any other room or part of said building.

" The defendant's counsel requested the court to instruct the

jury that the allegations in each count, viz : as to breaking and entering, in the first, and stealing, in the second, in the building of said Drews, to wit, a shop, were not supported by said evidence, and that the defendant could not be convicted of anything except a simple larceny. But the court refused so to rule, and instructed the jury that the proof was sufficient to support said allegation, and there was no variance as to either the description of the premises, or the ownership thereof.

" The defendant, after verdict of guilty, moved in arrest of judgment, ' because each count in said indictment is defective, contradictory and void, in the allegation that the defendant broke and entered a building, to wit, a shop.' The court overruled the motion.

" To all of which rulings and instructions the defendant excepts."

*J. H. Bradley,* for the defendant. 1. The description of the place, in which the offence is alleged to have been committed, as " a building, to wit, a shop," is contradictory and insufficient.

2. The evidence does not support the allegation of ownership of the building. *Commonwealth* v. *M'Laughlin,* 11 Cush. 598. There was no evidence offered tending to prove that the room was occupied as a shop, as described in the indictment, or that the building was a shop. *Commonwealth* v. *White,* 6 Cush. 181. *Commonwealth* v. *Harney,* 10 Met. 426.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. This indictment properly charges a burglary in the shop of Joseph L. Drew and Joseph L. Drew, Jr. The allegation that it was "in a certain building, to wit, the shop," is in conformity with the approved precedents in books of criminal pleading. The second count, charging a larceny in the same shop, is also sufficient. The motion in arrest of judgment was therefore properly overruled by the municipal court.

The other questions in the present case arise upon exception taken to the rulings of the court upon the trial. As to that of alleged variance between the proof and the allegations, arising from the fact that it was proved that the building in which the Drews had their shop contained also several other rooms,

occupied by other tenants, we think it cannot avail. The particular allegation was that of a burglary in the shop of the Drews. Such shop might well be one or more rooms, part of a large building, containing many other rooms occupied by other persons. The proof must show the offence to have been committed in this shop; and if thus shown, then the fact is sufficiently proved that the same was committed in a certain building, to wit, the shop of Joseph L. Drew and Joseph L. Drew, Jr.

The further point suggested upon the argument, that there was no proof before the jury that the rooms occupied by the Drews were used by them as a shop, is not properly open upon this bill of exceptions. The evidence is not reported upon that point, and no ruling was asked distinctly thereon, as it should have been if the defendant wished to raise an issue as to the sufficiency of the proof to maintain that allegation in the indictment. *Exceptions overruled.*